UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **ROBIN BLACK**, on behalf of herself and all others similarly situated,<br><br>     *Plaintiff*,<br>v.<br><br>**BROADLEAF MARKETING & SEO, LLC,**<br><br>     *Defendants*. | **CASE NO.** _____<br><br>**JUDGE** _____<br>**MAGISTRATE JUDGE** _____<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. This action arises out of Defendant BroadLeaf Marketing & SEO, LLC's ("Broadleaf" or "Defendant") practice of making autodialed, prerecorded telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever) from the called parties, in violation of two separate provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(c).

2. Broadleaf is a Florida marketing and search engine optimization company providing internet marketing services and website development services.

3. Broadleaf places autodialed, prerecorded telemarketing calls for the purpose of marketing its marketing and search engine optimization services.

4. Plaintiff has done no business with Broadleaf and has never provided Broadleaf with prior express written consent to call her cellular telephone number registered on the National Do-Not-Call Registry.

5. Accordingly, pursuant to Fed. R. Civ. P. 23, Plaintiff brings this TCPA action on

1

behalf of herself and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Broadleaf because Broadleaf made telemarketing calls into this District, transacted business and committed tortious acts within this District and Plaintiff's claims arise from those activities.

8. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of Tennessee, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Florida company. Plaintiff also seeks up to $1,500 in damages for each violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

9. Venue is proper in this District because Defendants conduct significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

10. Plaintiff Robin Black ("Black") is, and at all times mentioned herein was, a citizen and resident of Brentwood, Tennessee.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant BroadLeaf Marketing & SEO, LLC ("Broadleaf") is a Florida limited liability company with its principal place of business in Palm Beach County, Florida at 811 Lucerne Avenue, Lake Worth, Florida 33460.

13. Upon information and belief, Broadleaf utilizes the fictitious name "Web Listing Solutions" to avoid detection while it engages in its illegal telemarketing practices.

14. Upon information and belief, Broadleaf operates the website "www.weblistingsolutions.com."

15. Broadleaf placed, or had placed on its behalf, automated, prerecorded or artificial voice telemarketing calls for the purpose of marketing its marketing and search engine optimization services.

16. As such, Broadleaf is directly liable for the violations of the TCPA alleged herein, or alternatively, is secondarily liable for these damages under principles of vicarious liability.

17. Broadleaf is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL FACTUAL ALLEGATIONS

18. Broadleaf makes unsolicited telemarketing calls advertising its internet marketing services and website development services.

19. These telephone calls begin with pre-recorded messages.

20. For example, one prerecorded message utilized by Broadleaf states, in pertinent part:

> Hello! And please don't hang up. We've tried to contact you numerous times about your Google business listing. Our records show your Google business listing may be suspended or not verified through Google. This can cause customers searching for your services to not be able to find your business online. Press 1 to speak with a listing pro expert so we can quickly check the status of your

3

Google business listing. This will only take a few minutes.

21. Other prerecorded messages utilized by Broadleaf are similar in nature and focus on Google verifications of business listings and suggest a consumer's listing is not verified or has some other problem.

22. When a person presses one, they are connected to a representative in the "Business Listing Department," that advertises Broadleaf's marketing and search engine optimization services.

23. Because each of these calls were advertising products and/or services, they constitute telemarketing and telephone solicitations pursuant to 47 U.S.C. § 227(a)(4), and 47 C.F.R. § 64.1200(f)(15).

## PLAINTIFF ROBIN BLACK'S FACTUAL ALLEGATIONS

24. Plaintiff is the user of a cellular telephone number ending in 8324.

25. Plaintiff uses her cellular telephone number ending in 8324 for residential purposes.

26. Plaintiff's telephone number ending in 8324 has been on the National Do-Not-Call Registry since 2004.

27. Plaintiff received at least seventeen (17) of Defendants' prerecorded telephone calls as described herein.

28. These telephone calls using artificial or prerecorded voices include calls from the following incoming numbers on the following dates:

| Number | Date |
|---|---|
| 615-412-0294 | January 4, 2020 |
| 615-219-8442 | January 21, 2020 (11:16 AM) |
| 615-219-8442 | January 21, 2020 (12:40 PM) |
| 615-283-7992 | February 6, 2020 |
| 615-392-4612 | December 15, 2020 |
| 615-395-2140 | December 16, 2020 (11:22 AM) |

4

| | |
|---|---|
| 615-395-2139 | December 16, 2020 (12:45 PM) |
| 615-274-4193 | December 21, 2020 |
| 615-338-7264 | December 22, 2020 |
| 615-395-3131 | December 23, 2020 |
| 615-398-8801 | December 29, 2020 |
| 615-412-0294 | January 4, 2021 |
| 731-201-3689 | January 6, 2021 |
| 615-219-8129 | January 14, 2021 |
| 423-205-9517 | January 20, 2021 |
| 615-395-3894 | January 28, 2021 |
| 615-307-8063 | February 5, 2021 |

29. Upon information and belief, the incoming numbers were "spoofed" to appear that they originated in Tennessee, despite Broadleaf being located in Florida.

30. A Google search of these incoming numbers reveals numerous consumer complaints and recordings of the prerecorded messages from a majority of these **same** numbers.[1]

31. Plaintiff never provided prior express written consent (or any consent) to Defendants for these telephone calls.

32. After failed attempts to have the calls stopped, and in an attempt to identify the telemarketer, on January 20, 2021 Plaintiff engaged the telemarketer.

33. Plaintiff identified the telemarketer as Web Listing Solutions (www.weblistingsolutions.com) located at 811 Lucerne Ave., Lake Worth, Florida 33460.

34. Upon information and belief, Web Listing Solutions is a fictitious name used by

---

[1] *See* https://www.nomorobo.com/lookup/615-307-8063 (last accessed August 18, 2021);
https://www.nomorobo.com/lookup/615-395-3894 (last accessed August 18, 2021);
https://www.nomorobo.com/lookup/615-219-8129 (last accessed August 18, 2021);
https://www.nomorobo.com/lookup/731-201-3689 (last accessed August 18, 2021);
https://www.nomorobo.com/lookup/615-395-3131 (last accessed August 18, 2021);
https://www.nomorobo.com/lookup/615-338-7264 (last accessed August 18, 2021);
https://www.nomorobo.com/lookup/615-274-4193 (last accessed August 18, 2021);
https://www.nomorobo.com/lookup/615-395-2139 (last accessed August 18, 2021);
https://www.nomorobo.com/lookup/615-395-2140 (last accessed August 18, 2021); and
https://www.nomorobo.com/lookup/615-283-7992 (last accessed August 18, 2021).

5

Broadleaf to avoid detection while it engages in its illegal telemarketing practices.

## DEFENDANTS' LIABILITY

35. Because Broadleaf's calls constitute telemarketing, Broadleaf was required to obtain prior express written consent from the persons to whom Broadleaf made calls. *See* 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200.

36. "Prior express written consent" is specifically defined as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8) (emphasis added).

37. Plaintiff never provided Broadleaf with any consent, written or otherwise.

38. Accordingly, each of Broadleaf's telemarketing calls to Plaintiff using an automatic telephone dialing system and artificial or prerecorded voice violated 47 U.S.C. § 227(b).

39. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

40. Plaintiff is entitled to up to $1500 per call if Broadleaf's actions are found to be knowing or willful. 47 U.S.C. § 227(b)(3)(C).

41. In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

42. Plaintiff's number was on the National Do-Not-Call Registry prior to Broadleaf's calls.

43. While the exact number of calls to Plaintiff's telephone number will be determined in discovery, Plaintiff has received more than two (2) such telemarketing calls in a 12-month

6

Case 3:21-cv-00758   Document 1   Filed 10/01/21   Page 6 of 13 PageID #: 6

period, as required by 47 U.S.C. § 227(c) for violations of § 227(c).

44. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an additional $500 per call.

45. Plaintiff is entitled to an additional $1500 per call if Broadleaf's actions are found to be knowing or willful.

46. Accordingly, Defendant's actions were knowing and willful for numerous reasons, including but not limited to:

- Defendant repeatedly placed, or had placed on its behalf, automated, prerecorded or artificial voice telemarketing calls to Plaintiff, even though Plaintiff's number was listed on the National Do-Not-Call Registry;

- Defendant failed to scrub numbers it intended to call against the National Do-Not-Call Registry prior to placing each call;

- Defendant failed to secure and or confirm that it had consent of the called party before placing each call;

- Upon information and belief, the incoming numbers were "spoofed" to appear that they originated in Tennessee;

- Upon information and belief, Web Listing Solutions is a fictitious name used by Broadleaf to avoid detection while it engages in its illegal telemarketing practices;

- Defendant repeatedly placed, or had placed on its behalf, automated, prerecorded or artificial voice telemarketing calls to other persons than Plaintiff; and,

- Defendant engaged in this conduct despite numerous complaints from

7

consumers as alleged above.

47. Plaintiff has suffered concrete harm because of Broadleaf's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy; and
- Nuisance.

48. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of proposed "Classes," as defined as follows:

## THE CLASSES

The TCPA 227(b) Class: Since October 1, 2017, all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call, or to whose cellular telephone number Defendant placed (or had placed on its behalf) a call using an automatic telephone dialing system.

The TCPA 227(c) Class: Since October 1, 2017, all persons within the United States to whose telephone number Defendants placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

(The TCPA 227(b) Class and the TCPA 227(c) Class are collectively referred to herein as the "Classes.")

50. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

51. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable, as the Classes are comprised of hundreds, if not thousands, of individuals.[2]

52. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its calls;

    b. The telephone numbers to which Defendant placed its calls;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The purposes of such calls; and

    e. The names and addresses of Class members.

53. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant (or someone acting on its behalf) used an automatic dialing system or prerecorded voice in placing the calls;

    b. Whether Defendant (or someone acting on its behalf) obtained prior express written consent;

    c. Whether Defendant (or someone acting on its behalf) makes solicitations and telemarketing calls to telephone numbers registered on the National Do-Not-Call Registry;

---

[2] Numerous consumers have made online complaints describing calls identical to the calls Plaintiff received. *See*, *e.g.*, fn. 1, *supra*.

d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

54. Plaintiff is a member of the Classes in that Defendant placed two or more prerecorded telemarking calls using an automatic telephone dialing system to her phone in a one-year period when her telephone number was on the National Do-Not-Call Registry.

55. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

56. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

57. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

58. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

59. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each Class Member make individual actions uneconomical.

61. As a result of Defendant's uniform conduct described herein, common questions, including those enumerated above, predominate over any individualized questions and this action is manageable as a class action through discovery, dispositive motions, and trial.

62. Accordingly, the Classes satisfy the requirements for certification under Fed. R. Civ. P. 23(b)(1), (2), and (3).

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the TCPA 227(b) Class)**

63. Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

64. Defendant placed, or had placed on its behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and TCPA 227(b) Class Members' cellular telephone numbers without prior express written consent.

65. Defendant has therefore violated 47 U.S.C. § 227(b).

66. Defendant's conduct in violating 47 U.S.C. § 227(b) was knowing and willful.

67. As a result of Defendant's unlawful conduct, Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each violation per call, pursuant to 47 U.S.C. § 227(b)(3)(B).

68. Plaintiff and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each violation per call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA 227(c) Class)**

69. Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

70. Defendant placed, or had placed on its behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and TCPA 227(c) Class Members' telephone numbers.

71. Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of calls.

72. Defendant placed two or more calls to Plaintiff and each TCPA 227(c) Class Member in a 12-month period.

73. Defendant has therefore violated 47 U.S.C. § 227(c).

74. Defendant's conduct in violating 47 U.S.C. § 227(c) was knowing and willful.

75. Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each violation per call, pursuant to 47 U.S.C. § 227(c)(5).

76. Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each violation per call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. §§ 227(b) and (c);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F.  An award of reasonable attorneys' fees and costs, and

G.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: October 1, 2021    By:  /s *David W. Garrison*
DAVID W. GARRISON (No. 24968)
JOSHUA A. FRANK (No. 33294)
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

Max S. Morgan, Esquire*
Eric H. Weitz, Esquire*
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*pro hac vice to be filed

*Counsel for Plaintiff Robin Black
and the Proposed Classes*